UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

------------------------------------X
:
INPHONIC, INC.,                     :
1010 Wisconsin Ave., N.W., Suite 600 :
Washington, D.C. 20007              :
                                    :
            Plaintiff,              :      CASE NUMBER 1:05CV02206
                                    :
      v.                            :      JUDGE: Richard W. Roberts
                                    :
                                    :      DECK TYPE: General Civil
JEHAD EDWAN                         :
437 S. 84th Street                  :      DATE STAMP: 11/10/2005
Omaha, Nebraska 68114-4411          :
                                    :
                                    :
            Defendant.              :
------------------------------------X

## COMPLAINT

Plaintiff, InPhonic, Inc. ("InPhonic"), for its complaint against Defendant Jehad Edwan, alleges as follows:

### NATURE OF THE ACTION

1.   This action arises out of Defendant's unauthorized use of Plaintiff InPhonic's service mark "WIREFLY" in Defendant's domain name and website at www.wirefly-rebate.com. Plaintiff asserts claims for service mark infringement under §§ 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(a), 1125(a), and the common law; false representations under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); service mark dilution under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); and cybersquatting under 15 U.S.C. § 1125(d). Plaintiff seeks an injunction, damages, and recovery of its costs and attorney's fees.

3902918v2

## JURISDICTION AND VENUE

2. The Court has original subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(a). The Court has supplemental jurisdiction over the common law claims pursuant to 28 U.S.C. § 1367.

3. The Court has personal jurisdiction over the Defendant pursuant to D.C. Code § 13-423, in that the Defendant has caused tortious injury in the District and has engaged in a persistent course of conduct aimed at and targeting Plaintiff in the District of Columbia, in connection with Defendant's interactive website at www.wirefly-rebate.com.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this District and harm has been caused to Plaintiff's intellectual property that is situated in this District.

## PARTIES

5. Plaintiff InPhonic, Inc. is a Delaware corporation with principal offices at 1010 Wisconsin Ave., N.W., Suite 600, Washington, D.C. Plaintiff sells telecommunications products and services under the service mark WIREFLY. Plaintiff operates the website www.wirefly.com for these purposes.

6. Upon information and belief, Defendant Jehad Edwan is an individual residing at 437 S. 84th Street, Omaha, Nebraska 68114-4411. Upon information and belief, defendant operates an interactive website at www.wirefly-rebate.com, which solicits participation from residents of the District of Columbia and elsewhere.

## PLANTIFF'S EXCLUSIVE USE AND OWNERSHIP OF THE "WIREFLY" MARK

7.     Plaintiff InPhonic is the exclusive owner of the service mark WIREFLY. Plaintiff InPhonic owns United States Trademark Registration No. 2,768,131 for WIREFLY, which registration is valid and subsisting. A copy of that Registration is annexed as Exhibit 1 hereto. In addition to that trademark registration, InPhonic also owns the exclusive common law rights to the mark WIREFLY, as used by InPhonic in various forms, including WIREFLY.COM, WIREFLY.NET and ACCESSORIES BY WIREFLY, and for retail and other services offered by Plaintiff (collectively, the "WIREFLY Mark").

8.     Plaintiff InPhonic has provided services and sold telecommunications products and services under the WIREFLY Mark since 2003. InPhonic's WIREFLY Mark is inherently distinctive and has come to be associated exclusively with InPhonic in the minds of the consuming public.

9.     InPhonic has made substantial investments in promoting the WIREFLY Mark and has sold numerous cell phones, accessories and services under the WIREFLY Mark since its first use in interstate commerce in 2003. As a result of InPhonic's efforts, the WIREFLY Mark enjoys significant goodwill and reputation and has become a "famous" mark.

10.    Plaintiff InPhonic uses advertising and promotions in its marketing of telecommunications products and services sold through WIREFLY.COM and under the WIREFLY Mark. One method used by InPhonic, as well as by other sellers, is to offer rebates to consumers who buy cell phones or services through WIREFLY.COM.

11.    The Internet is a central sales medium for Plaintiff InPhonic and its WIREFLY Mark. Plaintiff makes a substantial number of sales through WIREFLY.COM and through links to that

site. In addition to detailing telecommunications product and service information, the WIREFLY.COM website provides consumers with a significant amount of information about telecommunications services and the various kinds of products and plans available. A copy of representative pages from InPhonic's WIREFLY.COM website is annexed as Exhibit 2 hereto.

12. In Internet sales, ranking by search engines is an important sales tool. Many customers use search engines, such as www.google.com or www.yahoo.com, in their online shopping and to compare sales terms.

13. Consumers who encounter a website containing the word "wirefly" in the domain name are likely to believe that the website is connected with, or approved by, Plaintiff InPhonic. Consumers who encounter the domain name "wirefly-rebate.com" are likely to believe that the domain name leads to a website that is connected with, or approved by, Plaintiff InPhonic and provides information about how to get the rebates offered by InPhonic on purchases made through WIREFLY.COM.

## DEFENDANT'S WRONGFUL ACTIONS

14. In late October 2005, Plaintiff InPhonic learned that Defendant had registered the domain name "wirefly-rebate.com" and was using "Wirefly" as a trademark for an interactive website at "wirefly-rebate.com." Defendant's website disparages Plaintiff's products and invites visitors to post critical comments relating to Plaintiff and its products. InPhonic has not authorized Defendant to use any WIREFLY Mark or to maintain a website relating to WIREFLY products or services.

15. Defendant's website contained commercial advertisements and links to commercial websites selling various goods and services, including phone companies and sellers that compete with InPhonic. Above those advertising messages and links, Defendant used the prominent

headline: "Wirefly Rebate Victims Site." There were no disclaimers or any indications that the website was not connected with or approved by InPhonic. A copy of representative pages, as of October 28, 2005 from Defendant's "wirefly-rebate.com" website is annexed as Exhibit 3 hereto.

16. On October 28, 2005, Plaintiff sent Defendant a cease and desist letter demanding that Defendant stop using InPhonic's WIREFLY Mark as part of Defendant's domain name www.wirefly-rebate.com or as a service mark. Defendant responded, though his attorney, denying infringement. Despite Plaintiff's repeated demands, Defendant has not ceased its infringing conduct, which continues to cause irreparable harm to Plaintiff and its goodwill.

17. In an attempt to mask its infringing conduct, after receipt of Plaintiff's demand letter, Defendant modified its website to include a disclaimer of affiliation with Plaintiff and to delete some advertising material. A copy of Defendant's modified website, as of November 10, 2005, is annexed hereto as Exhibit 4. Those actions do not cure the infringing and unlawful conduct.

18. Defendant's domain name "wirefly-rebate.com" is substantially and confusingly similar to Plaintiff InPhonic's registered and common law WIREFLY Mark. The "wirefly-rebate.com" domain name is used in connection with telecommunications products and services, and specifically for a website relating to the rebate advertising programs that are offered by Plaintiff under the WIREFLY Mark. Customers likely are confused into believing that the "wirefly-rebate.com" website is connected with or approved by Plaintiff. Customers seeking Plaintiff's WIREFLY website, or information about the rebates offered by InPhonic on purchases made through WIREFLY.COM, are likely to be diverted to Defendant's website by mistake.

19. On information and belief, Defendant's use of the "wirefly-rebate.com" domain name and WIREFLY Mark is likely to cause mistake, deception, and consumer confusion, and to dilute

- 5 -

and tarnish the WIREFLY Mark. Customers likely are confused into believing that the "wirefly-rebate.com" website is connected with or approved by Plaintiff.

20.    Defendant's use of the "wirefly-rebate.com" domain name and WIREFLY Mark deprives Plaintiff InPhonic of the full use and enjoyment of its service marks. Additionally, Defendant's unauthorized use dilutes the value of the famous WIREFLY Mark, compromises the goodwill and reputation of InPhonic and its marks, and wrongfully diverts the potential market and customer loyalty associated with the WIREFLY Mark.

21.    Defendant is using the infringing marks in commerce, due to Defendant's inclusion of advertising materials and links to commercial websites on Defendant's wirefly-rebate.com website, and in view of the commercial impact of the unauthorized use of Plaintiff's WIREFLY Mark, which is diverting consumers and preventing them from accessing Plaintiff's WIREFLY website or otherwise from obtaining goods or services from Plaintiff.

22.    Defendant's registration and use of the "wirefly-rebate.com" domain name was intentional and in bad faith, and designed to harm InPhonic and to confer on Defendant benefits from the consumer confusion caused by Defendant's unauthorized use of the WIREFLY Mark.

23.    Defendant has continued to intentionally exploit InPhonic's goodwill and to infringe the WIREFLY Mark, even after receipt of InPhonic's demands that Defendant cease and desist from such unlawful conduct. This continued infringement is causing, and will continue to cause, irreparable harm to InPhonic and to tarnish and diminish the substantial goodwill Plaintiff has cultivated in its WIREFLY Mark.

24.    On information and belief, Defendant has blocked Plaintiff's ability to gain access to the wirefly-rebate website, in a further attempt to conceal Defendant's infringing conduct from Plaintiff.

## COUNT I

### SERVICE MARK INFRINGEMENT
### UNDER LANHAM ACT § 32

25. Plaintiff repeats and realleges the contents of paragraph 1 through paragraph 24 as if fully set forth herein.

26. Defendant Edwan is using in commerce a designation and domain name that is identical to Plaintiff's federally registered trademark WIREFLY, for services that are substantially related to the services offered by Plaintiff under the WIREFLY mark.

27. Defendant's use of the WIREFLY Mark in his "wirefly-rebate.com" domain name has likely confused consumers and is likely to cause further confusion and mistake regarding InPhonic's affiliation, connection, or approval of the "wirefly-rebate.com" website. Consumers are likely to access that website in the mistaken belief that it will provide true and authorized information about the rebates offered by Plaintiff. Consumers are likely to be diverted and prevented from accessing Plaintiff's WIREFLY website, and from obtaining goods and services from Plaintiff.

28. Defendant Jehad Edwan's unauthorized use of the WIREFLY Mark infringes InPhonic's rights in the registered WIREFLY Mark and violates Section 32 of the Lanham Act, 15 U.S.C. § 1114.

29. Defendant ignored Plaintiff's demands to cease these unlawful activities. Instead of acceding to Plaintiff's demands, Defendant attempted to escape liability for his infringing conduct by modifying his website to delete some commercial advertisements for Plaintiff's competitors and to include a disclaimer of affiliation with Plaintiff. Those measures are ineffective to avoid consumer confusion or harm to InPhonic's business reputation and the

distinctive quality of the WIREFLY Mark. Despite those measures, consumers continue to be likely diverted from Plaintiff's WIREFLY website and prevented from obtaining goods and services from Plaintiff.

30. Defendant's unlawful conduct is causing Plaintiff InPhonic severe and irreparable harm which cannot be adequately remedied solely by monetary damages. Unless restrained and enjoined by this Court, Defendant's unlawful actions are likely to continue, to Plaintiff's harm and detriment.

## COUNT II

## FALSE REPRESENTATION
## UNDER LANHAM ACT § 43(a)

31. Plaintiff repeats and realleges the contents of paragraph 1 through paragraph 30 as if fully set forth herein.

32. Defendant is using the "wirefly-rebate.com" domain name in commerce, in a manner that is likely to cause confusion, mistake, and deception among consumers regarding InPhonic's approval or sponsorship of that website. Such use also is likely to mislead and divert consumers seeking information on Plaintiff's services or promotions, and to prevent them from obtaining goods or services from Plaintiff.

33. Defendant's unauthorized use of the WIREFLY Mark in his "wirefly-rebate.com" domain name and on that website infringes Plaintiff's common law WIREFLY Mark and constitutes false designation of origin and association in violation of the Lanham Act, 15 U.S.C. § 1125(a).

34. Defendant's unlawful conduct is causing Plaintiff InPhonic severe and irreparable harm which cannot be adequately remedied solely by monetary damages. Unless restrained and

enjoined by this Court, Defendant's unlawful actions are likely to continue, to Plaintiff's harm and detriment.

## COUNT III

## TRADEMARK DILUTION UNDER LANHAM ACT § 43(c)

35.  Plaintiff repeats and realleges the contents of paragraph 1 through paragraph 34 as if fully set forth herein.

36.  As a result of its exclusive, prominent and long-standing use in connection with telecommunications products and services, Plaintiff's WIREFLY Mark has become famous and subject to protection from dilution.

37.  Defendant's use of the "wirefly-rebate.com" domain name and the WIREFLY Mark in commerce, in connection with his website, has diluted the distinctive quality of the WIREFLY Mark, in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

38.  Defendant's use of the domain name "wirefly-rebate.com" has eroded, and threatens to further erode, the public's exclusive association of the WIREFLY Mark with Plaintiff. As a result, InPhonic has suffered injury to its business goodwill, and the image and reputation of the WIREFLY Mark have become tarnished and blurred in the public's mind.

39.  Defendant's continued unlawful use of the "wirefly-rebate.com" domain name has irreparably harmed InPhonic, threatens the goodwill and reputation of the WIREFLY Mark, and dilutes its distinctive and valuable quality, in violation of 15 U.S.C. § 1125(c).

40.  Defendant's unlawful conduct is causing Plaintiff InPhonic severe and irreparable harm which cannot be adequately remedied solely by monetary damages. Unless restrained and enjoined by this Court, Defendant's unlawful actions are likely to continue, to Plaintiff's harm and detriment.

## COUNT IV

### ANTICYBERSQUATTING CONSUMER PROTECTION ACT (ACPA) UNDER 15 U.S.C. § 1125(d)

41. Plaintiff repeats and realleges the contents of paragraph 1 through paragraph 40 as if fully set forth herein.

42. On October 25, 2005, Defendant registered the domain name "wirefly-rebate.com" with Internet Registrar Tucows Inc. Plaintiff's WIREFLY Mark was distinctive before that date.

43. Defendant's "wirefly-rebate.com" domain name is confusingly similar to Plaintiff's distinctive WIREFLY Mark. Upon information and belief, Defendant registered and is using that domain name with a bad faith intent to profit from that mark, in violation of 15 U.S.C. § 1125(d).

44. Defendant has engaged in cybersquatting in violation of 15 U.S.C. § 1125(d).

45. Despite Plaintiff's repeated demands, Defendant has not ceased its infringing conduct, but Defendant has continued to use the domain name "wirefly-rebate.com" in violation of Plaintiff's intellectual property rights and with the intention that consumers seeking Plaintiff's website be diverted and Plaintiff's WIREFLY mark tarnished and diluted.

46. Defendant's unlawful conduct is causing Plaintiff InPhonic severe and irreparable harm which cannot be adequately remedied solely by monetary damages. Unless restrained and enjoined by this Court, Defendant's unlawful actions are likely to continue, to Plaintiff's harm and detriment.

## COUNT V

### SERVICE MARK INFRINGEMENT UNDER THE COMMON LAW

47. Plaintiff repeats and realleges the contents of paragraph 1 through paragraph 46 as if fully set forth herein.

48. By virtue of Plaintiff's use of the WIREFLY Mark since 2003, in connection with the sale of telecommunications products and services and the offering of rebates and other promotions, on WIREFLY.COM and elsewhere, Plaintiff enjoys strong common law service mark rights in the WIREFLY Mark, under the common law of the District of Columbia and other jurisdictions where Plaintiff uses the WIREFLY Mark.

49. Defendant's use of the "wirefly-rebate.com" domain name is likely to cause confusion, mistake, and deception among consumers regarding InPhonic's approval or sponsorship of that website, and is likely to mislead and divert consumers seeking information on Plaintiff's services or promotions and to prevent consumers from obtaining goods and services from Plaintiff.

50. Defendant's unauthorized use of the WIREFLY Mark in his "wirefly-rebate.com" domain name and on that website infringes Plaintiff's common law rights in its WIREFLY Mark.

51. Defendant's unlawful conduct is causing Plaintiff InPhonic severe and irreparable harm which cannot be adequately remedied solely by monetary damages. Unless restrained and enjoined by this Court, Defendant's unlawful actions are likely to continue, to Plaintiff's harm and detriment.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Issue a preliminary and permanent injunction, enjoining and prohibiting Defendant and anyone acting in concert with him from using InPhonic's WIREFLY trademark as part of Defendant's domain name "wirefly-rebate.com" or in any other manner, and from adopting or using any mark, domain name or other designation that is similar to Plaintiff's WIREFLY Mark or to any other trademark or service mark used by Plaintiff.

B.  Issue an order requiring Defendant to transfer to Plaintiff the domain name "wirefly-rebate.com" and any other domain names Defendant may have registered that use or are similar to Plaintiff's WIREFLY Mark or to any other trademark or service mark used by Plaintiff.

C.  Award such damages as appropriate to compensate Plaintiff for losses it has sustained as a consequence of Defendant's unlawful acts, as well as profits attributable to infringement, which damages should be trebled in the Court's discretion;

D.  Award attorney's fees and costs to Plaintiff, in this exceptional case, pursuant to 15 U.S.C. § 1115; and

E.  Award such further relief as the Court deems just and appropriate.

        Respectfully submitted,

        PATTON BOGGS LLP

        _____
        Catherine Sun (Bar No. 476820)
        Deborah M. Lodge (Bar No. 393942)
        2550 M Street, NW
        Washington, DC 20037
        (202) 457-6000

        *Attorneys for Plaintiff*
        InPhonic, Inc.

Dated: November 10, 2005